**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
                               :
TORMU E. PRALL,                :
                               :   Civil Action No. 09-1831 (MLC)
               Petitioner,     :
                               :
         v.                    :          OPINION
                               :
SUPERIOR COURT OF NEW JERSEY,  :
LAW DIVISION, MERCER COUNTY,   :
                               :
               Respondent.     :
_____  :
```

**COOPER**, District Judge

Petitioner, Tormu E. Prall, a pre-trial detainee confined at Mercer County Correction Center in Trenton, New Jersey, petitions for a writ of habeas corpus under 28 U.S.C. § ("Section") 2241 and applies to proceed in forma pauperis under Section 1915(a).[1] The sole respondent is the Superior Court of New Jersey, Law Division, Mercer County.[2]

---

[1] A writ of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions", and "shall not extend to a prisoner unless-- ... [h]e is in custody in violation of the Constitution or laws or treaties of the United States". 28 U.S.C. § 2241(a),(c)(3).

[2] The Superior Court of New Jersey is not the proper respondent in this matter seeking immediate release. See, e.g., Rumsfield v. Padilla, 542 U.S. 426, 434-436 (2004) (in habeas challenges to physical confinement, proper respondent is warden of facility where petitioner is confined). Cf. Braden v. 30th Jud. Cir. Ct. of Ky., 410 U.S. 484 (1973) (pre-trial detainee may proceed in habeas against state court in action to compel trial). Because of the resolution of this matter, it is not necessary to require Petitioner to amend the Petition.

Based on his affidavit of indigence, the Court will grant Petitioner's application to proceed in forma pauperis.  Because it appears that Petitioner is not entitled to issuance of the writ, the Court will dismiss the Petition.  See 28 U.S.C. § 2243.

## I.   BACKGROUND

Petitioner asserts that (1) he was apprehended in Connecticut in September 2008 for criminal charges pending in New Jersey, (2) he entered into a voluntary Waiver of Extradition Proceedings Agreement in October 2008, and (3) the Agreement provided that federal marshals would transport him from Connecticut to New Jersey.  However, he alleges that he was transported by county Sheriff's Officers impersonating federal marshals.  Petitioner contends that he learned of the alleged fraud on March 5, 2009.

In this Petition dated April 15, 2009, Petitioner contends that, because of this alleged fraud in connection with his transportation, his pre-trial detention is unlawful and the state prosecution may not proceed.  He asks this Court to order his immediate release.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application
> for a writ of habeas corpus shall forthwith award the
> writ or issue an order directing the respondent to show
> cause why the writ should not be granted, unless it
> appears from the application that the applicant or
> person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Att'y Gen., 878 F.2d 714, 721-22 (3d Cir. 1989).  Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985); see also 28 U.S.C. §§ 2243, 2255.

### III.  ANALYSIS

Federal courts do have jurisdiction, under Section 2241, to issue a writ of habeas corpus before a judgment is entered in a state criminal proceeding.  Moore v. DeYoung, 515 F.2d 437, 441-42 (3d Cir. 1975).  Addressing whether a federal court should ever grant a pre-trial writ of habeas corpus to a state prisoner, the Court of Appeals for the Third Circuit has held:

  (1)  federal courts have "pre-trial" habeas corpus jurisdiction;

  (2)  that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present ... ;

  (3)  where there are no extraordinary circumstances and where petitioner seeks to litigate the merits of a constitutional defense to a state criminal charge, the district court should exercise its "pre-trial"

> habeas jurisdiction only if petitioner makes a
> special showing of the need for such adjudication
> and has exhausted state remedies.

Id. at 443.

Petitioner here seeks to litigate the merits of a constitutional defense to a state criminal charge.  He has not exhausted state remedies.  Nor does he allege any "extraordinary circumstances" justifying intervention by a federal court.

## IV.   CONCLUSION

For the reasons set forth above, the Petition will be dismissed without prejudice.  This Court makes no determination as to the merits of Petitioner's claims.  The Court will issue an appropriate order and judgment.

s/ Mary L. Cooper

**MARY L. COOPER**
United States District Judge

Dated: April 21, 2009

4